## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ENRIQUE MADRINAN,　　　　　　　　　　　)
an individual,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　　)　　　CASE NO.:
　　　　　　　　　　　　　　　　　　　　　　)
FORT PIERCE INLET BEACH RESORT, LLC,　)
a Florida Limited Liability Company,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
INLET BEACH RESORT, LLC,　　　　　　　　)
a Florida Limited Liability Company,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　　　)
_____/

## COMPLAINT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff, ENRIQUE MADRINAN, by and through his undersigned counsel, hereby files this Complaint and sues FORT PIERCE INLET BEACH RESORT, LLC, a Florida Limited Liability Company, and INLET BEACH RESORT, LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for damages and declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C.

1

§§ 1331 and 1343. This Court has supplemental jurisdiction over state law claims pursuant to 42 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, ENRIQUE MADRINAN, (hereinafter referred to as "MR. MADRINAN") is a resident of the state of Florida.

4. ENRIQUE MADRINAN is a qualified individual with a disability under the ADA and Florida Statutes. MR. MADRINAN was injured in an automobile accident at the age of eighteen and as a result he was, and remains, paralyzed from the chest down. The injury also left MR. MADRINAN with dexterity problems, especially in his right hand, which makes it difficult to grip and manipulate objects.

5. Due to his disability, Plaintiff MR. MADRINAN is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Defendant, FORT PIERCE INLET BEACH RESORT, LLC, (hereinafter referred to as "FORT PIERCE INLET BEACH RESORT" or "DEFENDANT") is a Florida Limited Liability Company registered to do business in the State of Florida. Upon information and belief, DEFENDANT is the owner, lessee, and/or operator of the real property and improvements, a hotel, which is the subject of this action, to wit: Beachfront Inn at Hutchinson Island, generally located at 110 South Ocean Drive, Fort Pierce, Florida 34949-3253. Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, INLET BEACH RESORT, LLC, (hereinafter referred to as "INLET BEACH RESORT" or "DEFENDANT") is a Florida Limited Liability Company registered to do business in the State of Florida. Upon information and belief, DEFENDANT is the

owner, lessee, and/or operator of the real property and improvements, a hotel, which is the subject of this action, to wit: Beachfront Inn at Hutchinson Island, generally located at 110 South Ocean Drive, Fort Pierce, Florida 34949-3253.  Defendant is responsible for complying with the obligations of the ADA.

8. All events giving rise to this lawsuit occurred in the Southern District of Florida, Saint Lucie County, Florida.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9. PLAINTIFF realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The Property, a hotel owned by DEFENDANTS, is a place of public accommodation, subject to the ADA, located at 110 South Ocean Drive, Fort Pierce, Florida 34949-3253.

11. PLAINTIFF stayed as a guest at the Property in late March 2015, and plans to visit again in the near future.

12. During his most recent stay, MR. MADRINAN encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

13. MR. MADRINAN has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by DEFENDANTS.

14. PLAINTIFF continues to desire to visit the Property but fears he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

15. DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against PLAINTIFF due to, but not limited to, the following barriers to access which PLAINTIFF personally encountered:

    a. Plaintiff encountered an inaccessible parking spaces designated for disabled use due to lack of accompanying access aisles and pavement in disrepair;

    b. Plaintiff encountered an inaccessible common area restroom near the outdoor bar due to a vertical change in level (or step up) without an entrance ramp for wheelchair access;

    c. Additionally, Plaintiff observed that the common area restroom lacked grab bars around the toilet and had fixtures and amenities placed at inaccessible heights.

    d. Plaintiff's guestroom (which was designated for disabled use) was not accessible due to a lack of clear floor space in the room caused by improper placement of furniture;

    e. Additionally, Plaintiff's guestroom was inaccessible due to inadequate placement of lighting controls and lack of a light switch near the bed;

    f. The restroom within his guestroom was also inaccessible due to the lack of a proper non-slip shower bench within reach range of the shower controls;

    g. Additionally, the restroom in his guestroom had improper sink faucet handles which could not be easily operated and the sink did not have pipe insulation; and

    h. Plaintiff encountered inaccessible routes throughout the property and could not access all areas and amenities offered at the property due to excessive slopes and changes in level without ramps.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron, PLAINTIFF additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on DEFENDANTS.

18. Removal of the barriers to access located on the Property would allow PLAINTIFF to fully utilize the goods and services located therein.

19. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and requests the following injunctive and declaratory relief:

    A. That this Court declares that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

    B. That this Court enter an Order directing DEFENDANTS to alter their Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing DEFENDANTS to evaluate and neutralize their policies and procedures towards

persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: May 8, 2015.

        Respectfully Submitted,

        KU & MUSSMAN, P.A.
        6001 NW 153rd Street, Suite 100
        Miami Lakes, Florida 33014
        Tel: (305) 891-1322
        Fax: (305) 891-4512
        louis@kumussman.com


        By: */s/ Louis I. Mussman*
        Louis I. Mussman, Esq.
        (FL Bar #: 597155)